UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
5:02-CV-173-R

Dennis G. GULASKY, Sr.,                                                                    PLAINTIFF

vs.

INGRAM BARGE COMPANY,                                                              DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff Dennis G. Gulasky's ("Gulasky") Motion to Exclude the expert testimony of Defendant Ingram Barge Company's ("Ingram") witness, David E. Hammond. This matter is now ripe for a decision. For the following reasons, the Plaintiff's Motion is **DENIED**.

## BACKGROUND

The case arises out of an accident that occurred on or about November 18, 2000, when the Plaintiff fell from a ladder while climbing out of a barge floating on the Monongahela River. The accident took place at a facility owned by the Defendant, a Tennessee corporation, in Dravosburg, Pennsylvania. At the time Gulasky was employed by Ingram. Gulasky received several injuries, including injuries to his right leg that resulted in a below the knee amputation.

Gulasky was hired as a laborer by Ingram in 1994, and about one year later he was promoted to a welder. Though he continued to perform some laborer duties after his promotion, his general duties as a welder involved patching and repairing river barges using welding equipment. Gulasky performed his welding duties for Ingram while the barges were moored somewhere on the river at the Dravosburg facility, but did not ride any line boats nor serve as deckhand on any line boats. Part of being a welder involved fleet work, which required Gulasky

to use a small tug to turn barges around to be able to access their sides for repairs. Gulasky also had to board fleeted barges to check for leaks.

Following his injury Gulasky filed suit against Ingram for negligence under the Jones Act, for unseaworthiness under general maritime law, and a claim under the Longshore and Harbor Worker's Compensation Act ("LHWCA"), with the parties agreeing to dismiss the claim under the LHWCA. Gulasky has filed this motion seeking to throw out the expert testimony Captain David E. Hammond ("Hammond"). Hammond will testify as to the duties of Gulasky, describing in his opinion what he believes to be the nature of what Gulasky did on the job categorizing them as either a "deckhand" or "dockhand." Gulasky argues that Hammond wrongfully communicates a legal standard through his opinion and that his opinion does not assist the trier of fact in their understanding of what a seaman does for a barge company. Ingram counters by asserting that Hammond does not communicate a legal standard, but merely categorizes the duties of Gulasky based on his opinion. Ingram further argues that Hammond's testimony will assist the trier of fact because it will allow a jury to become familiar with the terms, customs and procedures of a seaman that are not common knowledge to the average juror.

## STANDARD

Rule 702 of the Federal Rules of Evidence ("FRE 702") admits testimony by experts. FRE 702 states:

> [i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

2

The requirement for qualifying as an expert under FRE 702 is a liberal one, although a witness must first establish his expertise by reference to knowledge, skill, experience, training, or education. *Pride v. BIC Corp.*, 218 F.3d 566, 577 (6th Cir. 2000). However, expert testimony may be excluded if it attempts to communicate a legal standard to the jury. *Berry v. City of Detroit*, 25 F.3d 1342, 1354 (6th Cir. 2001).

## DISCUSSION

Gulasky argues that Hammond's testimony should be excluded on two grounds. The Court will address each of these individually.

### *Whether Hammond communicates a legal standard in his opinion...*

Gulasky asserts that Hammond will offer a different legal standard if permitted to testify. The Plaintiff bases this on how Hammond analyzed the duties of Gulasky, and the comment made during his deposition that he considered a dockhand to be a longshoreman and a deckhand to be a seaman. Hammond had come to the conclusion that most of Gulasky's activities while working on Ingram barges constituted more "dockhand" work than "deckhand" work. Ingram argues that because the of the standard set out by the Jones Act to determine whether Gulasky qualifies as a seaman, Hammond should be allowed to give his opinion in far as characterizing the activities of Gulasky as being dockhand or deckhand. Ingram also notes that Hammond never offered his opinion about whether or not a dockhand or deckhand is a seaman, but was asked by Gulasky during his deposition whether he considers a dockhand to be a seaman or not.

When considering whether or not Gulasky qualifies as a seaman for purposes of the Jones Act, the trier of fact must "separate sea-based maritime employees who are entitled to Jones Act protection from those land-based workers who have only a transitory or sporadic connection to a

vessel in navigation." *Chandris Inc. v. Latsis*, 515 U.S. 347, 368 (1995).  Aside from looking at the evidence presented, Captain Hammond may testify in his opinion as to whether the activities conducted by Gulasky are more land or sea-based, or as he categorized them as "deckhand" and "dockhand."  Though the Plaintiff submits that Hammond did state a legal conclusion when he expressed that a deckhand and not dockhand is a seaman, the Defendant correctly points out that had not the Plaintiff asked Hammond that question, Hammond would not have made this comment.  Therefore, the Court finds that Hammond does not communicate a legal standard, and he may testify to his findings regarding the deckhand and dockhand activities, but may not express his opinion on whether or not such activities amount to an employee being a seaman for purposes of the Jones Act.

### *Whether the testimony of Hammond will assist the trier of fact...*

Gulasky claims that the trier of fact does not need to hear the testimony of Hammond because it will not assist them in determining the seaman status of Gulasky arguing that categorizing activities as "dockhand" and "deckhand" will not help them figure out whether or not Gulasky qualifies as a seaman.  Ingram counters that Hammond's testimony is necessary because the jury must take into account many common terms, customs and procedures that barge workers and seaman use during the course of their employment in order to understand the maritime environment.  Ingram further asserts that without Hammond the jury would not fully understand the connection of Gulasky's activities to Ingram's vessels for the purposes of determining seaman status.

The purpose of admitting expert testimony, as iterated in FRE 702, is to help the jury to better understand the evidence and determine the fact(s) in issue.  The testimony provided by

Captain Hammond provides the trier of fact with a better understanding of maritime life. In particular, the expert testimony addresses the employment activities of Gulasky in looking at them from a sea-based and land-based perspective, as required by the Jones Act. The jury must collectively take into account all of the activities conducted by Gulasky while employed by Ingram in determining his seaman status, and in order for the jury to properly analyze these activities they must understand their nature. Therefore, this Court finds that the testimony of Captain Hammond will assist the trier of fact.

Therefore, the Court finds that the testimony of Captain Hammond may be admitted.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Exclude is **DENIED**.

An appropriate order shall issue.