UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
5:02-CV-173-R

Dennis G. GULASKY, Sr.,                                                                                          PLAINTIFF

vs.

INGRAM BARGE COMPANY,                                                                                 DEFENDANT

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant Ingram Barge Company's ("Ingram") Motion for Partial Summary Judgment (Docket #27). The Plaintiff, Dennis G. Gulasky, Sr. ("Gulasky") has responded (Docket #39), and Ingram has replied to that response (Docket #50). This matter is now ripe for adjudication. For the following reasons, Ingram's Motion for Partial Summary Judgment is **GRANTED.**

**BACKGROUND**

This action arises from an accident that took place at Ingram's facility in Dravosburg, Pennsylvania. Gulasky claims that he suffered injuries when he fell from a ladder located on one of Ingram's barges. Gulasky has filed suit against Ingram for negligence under the Jones Act, for unseaworthiness under general maritime law, and a claim under the Longshore and Harbor Worker's Compensation Act ("LHWCA"), with parties agreeing to dismiss the claim under the LHWCA. In this motion the Defendant argues that the negligence claim under the Jones Act cannot constitute negligence per se, asserting that under the governing law that determines the negligence standard in this matter, the 1970 Occupational Safety and Health Act ("OSHA"), 29 U.S.C. §651 *et seq.*, cannot "enlarge or diminish or affect" the liability or statutory rights of employers. In his response the Plaintiff counters that Gulasky has met the required five element

under the Jones Act for a finding of negligence per se.  In its reply Ingram distinguishes the cases offered by Gulasky to support his proposition, and reiterates that case law from other circuits have held that the OSHA cannot affect the liability of a negligence action under the Jones Act, which would happen should the Court determine that an OSHA violations constitutes negligence per se.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co*., 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere scintilla of evidence.  To support this position, he must present evidence on which the trier of fact could find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)).  Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment.  A genuine dispute between the parties on an issue of material fact must exist to

render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).  Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tomkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

The Occupational Safety and Health Act ("OSHA") states, in pertinent part:

> Nothing in this Act shall be construed to supercede or in any manner affect any workmen's compensation law or to *enlarge or diminish or affect in any other manner the common law or statutory rights, duties or liabilities of employers* and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of employment.

29 U.S.C. §653(b)(4) (emphasis added).

The Circuits are divided as to whether or not OSHA violations may constitute negligence per se in general, with a few circuits having found that they amount to negligence per se under a state, but not federal law standard, while most have held that an OSHA violation is not negligence per se. *Rabon v. Automatic Fasteners,Inc.*, 672 F.2d 1231 (5th Cir. 1982) (holding that a violation of OHSA did constitute negligence per se under state law, and possibly amounted to negligence per se under federal law); *Ries v. Nat'l RR Passenger Corp.*, 960 F.2d 1156, 1164 (3d Cir.1992) ("[a]fter examining the scope of OHSA and the FELA respectively, it is clear to this Court that Congress did not intend for a violation of an OHSA regulation to result in negligence per se and bar contributory negligence under FELA"); *Elliot v. S.D. Warren Co.*, 134 F.3d 1 (1st Cir. 1998) (holding that under Maine law, an OHSA violation is evidence of

negligence, but not negligence per se). The Sixth Circuit is split between states. Tennessee has adopted the former standard holding that under Tennessee law an OSHA violation may constitute negligence per se, but have not addressed whether or not an OSHA violation constitutes negligence per se under federal law, which includes a Jones Act standard. *Ellis v. Chase Communications, Inc.*, 63 F.3d 473 (6th Cir. 1995); *Teal v. E.I. DuPont*, 728 F.2d 799 (6th Cir. 1984). However, Ohio has held that OSHA violations do not constitute negligence per se in Ohio. *Hernandez v. Martin Chevrolet,* 649 N.E.2d 1215, 1216 (Ohio 1995); *Maddox v. Ford Motor Co*., 86 F.3d 1156 (Ohio 1996)[1].

      Of lately, Circuits that have considered whether or not an OHSA violation constitutes negligence per se under a Jones Act standard have held that such a violation does not result in negligence per se because it would enlarge the liability and diminish the common law rights of the defendant as stated under 29 U.S.C. §653(b)(4) . In *Johnson v. Arctic Storm Inc.*, the Ninth Circuit Court of Appeals determined that the defendant did not owe a "heightened duty of care" to crew members under the Jones Act, and cited previous Ninth Circuit cases that held a violation of an OSHA regulation is not negligence per se citing 29 U.S.C. §653(b)(4). *Johnson v. Arctic Storm, Inc.*, 99 Fed. Appx. 799, 800-801 (9th Cir. 2004) (citing *Robertson v. Burlington N.R. Co.*, 32 F.3d 408, 410-411 (9th Cir. 1994). In the Fourth Circuit Court of Appeals, the Eastern District of Virginia would not allow the plaintiff to have a negligence per se instruction

---

[1] In *Prater v. Consolidated Rail Corp.*, 272 F.Supp.2d 706 (N.D.Ohio 2003), the Court noted that "with regard to OSHA standards: breach of an OSHA standard may, under some circumstances, constitute negligence per se, while under other circumstances, breach of an OSHA standard is evidence of negligence, but is not conclusive of the issue." The Court cited *Ellis v. Chase Communications*, which, as mentioned supra, dealt with Tennessee state law, but not the Jones Act.

for an OHSA violation of the Jones Act because there were genuine issues of material fact and the plaintiff could not rightfully prove his claim for unseaworthiness without showing that the condition of the vessel proximately caused the accident. *In the Matter of Vulcan Materials Co.*, 369 F. Supp.2d 737, 747-748 (E.D.Va 2005).  Recently, in the 1st Circuit Court of Appeals, the United States District Court of Maine, in following a recent trend of other circuits joined "the Second Circuit in *Jones [v. Spentonbush-Red Star Co.*, 155 F.3d 587 (2nd Cir. 1998)]...the Third, Fourth, and Ninth Circuits in concluding that an OSHA violation, although evidence of a lack of due care, is not negligence per se." *Falconer v. Penn Maritime, Inc.*, 2005 WL 2767144 (decided October 25, 2005).

In the instant matter, the Plaintiff has cited no case law or legal rationale that supports the notion that an OHSA violation constitutes negligence per se under the Jones Act.  To the contrary, the case law offered by the Defendant as well as the recent holdings amongst the circuits demonstrate that an OHSA violation may go into evidence in order to show negligence under the Jones Act, but it does not warrant an instruction or recognition of negligence per se.  In addition, the Court cannot hold that an OHSA violation constitutes negligence per se because it would go counter to 29 U.S.C. §653(b)(4) by enlarging the liability of the Defendant on a negligence claim through essentially determining that all injuries that take place under maritime circumstances warrant negligence per se.  Further, the Court cannot make that finding because it would also diminish the common law rights of the Defendant, who should not be held liable for negligence under the Jones Act without the Plaintiff showing that his injuries were proximately caused by the condition of the vessel.

Therefore, this Court finds that an OHSA violation may not constitute negligence per se

in a Jones Act case.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Partial Summary Judgment is **GRANTED.**

An appropriate order shall issue.